UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

vs.

Fifty-Three Thousand
Seven Hundred Dollars ($53,700.00)
in U.S. Currency,

          Defendant *in rem.*
_____/

Civil Case No.

Honorable

## **COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through Dawn Ison, United States Attorney for the Eastern District of Michigan, and Kelly Fasbinder and K. Craig Welkener, Assistant United States Attorneys, and states upon information and belief in support of this Complaint for Forfeiture *in rem* that:

### **JURISDICTION AND VENUE**

1. This is an *in rem* civil forfeiture action pursuant to 31 U.S.C. § 5317(c)(2)(A) resulting from a violation of 31 U.S.C. § 5316(a)(1)(B).

2. The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has *in rem* jurisdiction and venue over this forfeiture action,

pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b), as the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of the following: Fifty-Three Thousand Seven Hundred Dollars ($53,700) in United States Currency ("Defendant Currency"). Agents and/or Officers of the U.S. Customs and Border Protection ("CBP") seized the Defendant *in rem* from Abrahim Kaba ("Kaba"), on or about February 12, 2022, at the Detroit Metropolitan Airport ("DTW") in Romulus, Michigan, upon the basis that it was not properly reported as required under 31 § U.S.C. 5316.

7. The Defendant *in rem* is currently in the custody of the CBP.

## STATUTORY BASIS FOR CIVIL FORFEITURE

8. Under 31 U.S.C. § 5316(a), "a person or an agent or bailee of the person shall file a report under subsection (b) of this section when the person, agent, or bailee knowingly … transports, is about to transport, or has transported, monetary

2

instruments of more than $10,000 at one time … to a place in the United States from or through a place outside the United States."

9. Title 31, United States Code, Section 5317(c)(2)(A) governs the civil forfeiture of property involved in violations of 31 U.S.C. §§ 5313, 5316, 5324, or 5332, "or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy[.]" Under 31 U.S.C. § 5317(c)(2)(A), any property involved in a violation of § 5316 may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to § 981.

## FACTUAL BASIS FOR CIVIL FORFEITURE

10. Defendant Currency constitutes "monetary instruments," as defined at 31 U.S.C. § 5312(a)(3) and 31 C.F.R. § 1010.100(dd).

11. Defendant *in rem* is forfeitable to the United States as property which required a report be filed at the time of its entry into the United States with the Customs officer in charge at the port of entry. *See* 31 U.S.C. § 5316(b) and 31 C.F.R. § 1010.306(b)(1), (3).

12. The facts supporting the forfeiture of the Defendant *in rem* include, but are not limited to, the following:

    a. On or about August 18, 2021, Kaba arrived at New York John F. Kennedy Airport from London. When questioned by CBP officers

regarding travel and currency, Kaba did not declare any funds. During a baggage examination, CBP officers found $40,120.00 in Kaba's baggage. Kaba stated he forgot to report the cash in his backpack and that it was money for attending college in Pennsylvania. CBP officers did not seize the currency, but rather, Kaba was provided an opportunity to submit a forced currency reporting form, reflecting that he was transporting over $10,000.00.

b. On or about February 12, 2022, Kaba arrived at DTW from Ghana, via Amsterdam. CBP officers selected Kaba for an enforcement examination with a focus on currency, based upon the previous currency reporting violation.

c. When questioned by CBP officers regarding travel and currency at the primary examination area, Kaba reported that he was carrying $2,000.00. Officers referred Kaba for a secondary inspection, where Kaba reported he was carrying $40,000.00, asked for the opportunity to count the currency, and produced five bundles of $10,000.00 from his pants pockets. Kaba then completed a currency reporting form declaring that he was transporting $50,000.00 from outside of the United States to a place in the United States. Officers examined Kaba's baggage and found another $3,700.00 in currency. Kaba stated the

4

   currency was given to him by his uncle for his father for business purposes.

  d. Officers seized the $53,700.00 in currency pursuant to 31 U.S.C. § 5317(c)(2) for failure to declare the currency.

  e. Kaba failed to report the transportation of the Defendant Currency in his possession from Ghana to the United States in violation of 31 U.S.C. § 5316(a)(1) and 31 C.F.R § 1010.340(a).

  f. The Defendant *in rem* was seized on February 12, 2022, as property involved in a violation of 31 U.S.C. § 5316(a)(1)(B).

## CLAIM

13. The United States hereby incorporates by reference, repeats and re-alleges, each and every allegation set forth in Paragraphs 1 through 12 above, including their subparts.

14. Kaba failed to report the transportation of the Defendant currency in his possession into the United States in violation of 31 U.S.C. § 5316(a)(1)(B).

15. Kaba also failed to accurately report the transportation of the Defendant currency in his possession into the United States in violation of 31 U.S.C. § 5316(a)(1)(B).

16. Based on the foregoing, the Defendant *in rem* is forfeitable to the United States pursuant to 31 U.S.C. § 5317(c)(2)(A) because it is property involved

in a violation of 31 U.S.C. § 5316(a)(1)(B).

## CONCLUSION AND RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

(a)  that a Warrant of Arrest for the Defendant *in rem* be issued;

(b)  that notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

(c)  that judgment be entered declaring that the Defendant *in rem* be condemned and forfeited to the United States for disposition according to law; and

(d)  that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

S/Kelly E. Fasbinder
KELLY E. FASBINDER (P80109)
K. CRAIG WELKENER (DC 1033585)
Assistant United States Attorneys
U.S. Attorney's Office
211 W. Fort Street, Ste. 2001

                                        Detroit, MI 48226  
                                        (313) 226-9520 (Fasbinder)  
                                        (313) 269-4796 (Welkener)  
                                        Kelly.Fasbinder@usdoj.gov  
                                        Kenton.Welkener@usdoj.gov

Dated: September 11, 2024

## **VERIFICATION**

I, Ronald Renaud, state that I am an Officer with the U.S. Customs and Border Protection. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
Ronald Renaud
U.S. Customs and Border Protection Officer

Dated: 09/09/2024